IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:11CV180-RLV

| | |
|---|---|
| ROBIN L. EVANS,<br>   Plaintiff, | )<br>)<br>) |
| v. | )  Memorandum and Order |
| ELMER'S PRODUCTS, INC., et al.,<br>   Defendants. | )<br>)<br>)<br>) |

**THIS MATTER** is before the Court on its own motion. Upon a review of the record, and the factual allegations within Plaintiff's "Amended Complaint," and other submissions, the Court finds that federal subject matter jurisdiction does not exist over Plaintiff's cause of action.

### I. Factual Background

In the fall of 2011, Plaintiff Robin L. Evans ("Evans"), acting *pro se*, filed a form Complaint alleging employment discrimination and violation of multiple federal statutes, including Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e(5), 28 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 626(c)(1) and 626(e). (Doc. 2 / Compl.).

On January 10, 2014, Evans filed an Amended Complaint in narrative form. (Doc. 25 / Am. Compl.). While difficult to comprehend, Plaintiff's Amended Complaint sounds in a variety of alleged injustices (common law torts), namely, that Plaintiff was arrested for the criminal offense of Felony Stalking and held in custody at the Iredell County Jail for nearly nineteen (19) months. Plaintiff asserts that the charges brought against him were false, amounted to false imprisonment, slander, etc. (Am. Compl.).

Of the several named Defendants, Plaintiff names the Sheriff of Iredell County, Phil

Redmond, and the Iredell County Sheriff's Department.[1] In addition, Plaintiff names his former employer, Elmer's Products, Inc. ("Elmer's"), and certain co-workers, including Elmer's Personnel Manager Tina Carpenter, Elmer's Supervisor Rhodney Lester, Elmer's employee Irene Lester, CEO of Elmer's Corporate Headquarters Roger Posacki, the Berwind Corporation ("Berwind"), and Manager at Inventiv[2] Health, Venice Herring.[3]  (Doc. 25).

Plaintiff Evans is familiar to this federal court.  Evans was employed with Defendant Elmer's as a "Packer" from January 1999 until June 2001. Since dismissal from Elmer's, Evans has initiated at least three civil cases in the United States District Courts of North and South Carolina.  In each case, Evans assigns blame and financial responsibility to Elmer's and others for a host of purported harms Evans claims he has suffered since losing his job.

### A. Prior Federal Lawsuits Alleging Same or Similar Facts

#### 1. Alleged Violation of Civil Rights − 2006 District of South Carolina Action

In 2006, Plaintiff commenced litigation in the U.S. District Court, the District of South Carolina, Florence Division, asserting violations of 42 U.S.C. §§ 1983 and 1985.  *See Evans v. Elmer's Products, Inc., et al.*, 4:06CV412-RBH ("Elmer's 2006").   Plaintiff complained about issuance of a "no contact order" entered against him in the North Carolina court system, N.C. GEN. STAT. §§ 95-261 and 50C. Plaintiff also alleged that a criminal conspiracy between Elmer's, former co-workers at Elmer's, and law enforcement officials within the Iredell County Sheriff's Department existed to Plaintiff's detriment.   In fact, Plaintiff named five of the same defendants

---

[1]  Plaintiff does not state whether he intends to bring suit against Sheriff Redmond in his individual or official capacity, or both.

[2] "Inventiv" (as opposed to "Inventive") is the actual spelling within the Plaintiff's document.

[3] Service of the Amended Complaint on the Defendants was never accomplished. The Clerk was instructed to defer the issuance of summons and service of process pending jurisdictional review by the Court.

identified in the instant lawsuit, including Elmer's, Sheriff Philip Redmond, Iredell County Sheriff's Department, Irene Lester[4], and the Berwind Corporation. The District of South Carolina case alleging constitutional violations and "other improprieties" was dismissed without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915(e)(2)(B). The rationale behind dismissal was the rule of law pronounced in *Heck v. Humphrey*, the *Rooker-Feldman* doctrine, and abstention principles.[5] The dismissal was not appealed.

### 2. Alleged Civil Rights Violation − 2007 Western District of North Carolina Action

In 2007, Plaintiff filed a civil action in this district with the undersigned district judge presiding. *See Evans v. Elmer's Products, Inc., et al.*, 5:07CV15-RLV ("Elmer's 2007"). Once again, Plaintiff utilized a standard form Complaint alleging violation of his civil rights under 42 U.S.C. §§ 1983 and 1985 and named Sheriff Redmond, the Iredell County Sheriff's Department, Elmer's, Irene Lester, the Statesville City Police Department, and others as Defendants. Evans asserted that a criminal prosecution for Felony Stalking and subsequent incarceration violated his constitutional rights. After initial review, the undersigned observed that the Complaint contained "nearly identical" factual allegations as the District of South Carolina case. This Court likewise dismissed the 2007 case upon initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). (Elmer's 2007 / Doc. 5). Alternatively, this Court held that Plaintiff's claims were subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted. The dismissal was not appealed.

### B. Alleged Title VII Discrimination − 2011 Western District of North Carolina

---

[4] Irene Lester, Plaintiff's former co-worker, is the alleged stalking victim who secured the "no-contact" order in state court.

[5] *Heck v. Humphrey*, 512 U.S. 477 (1994); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Younger v. Harris*, 401 U.S. 37, 44 (1971).

**Action**

Trying a different legal theory than in years past, Plaintiff now claims that his termination from employment from Elmer's **in June 2001** was discriminatory. (Doc. 2 / Compl., ¶ 5; Exh. 1 – EEOC Charge). In addition, Plaintiff claims that he was subject to sexual harassment, general harassment, "blacklisting, violation of "whistle blower" laws, retaliation, continuing action, false allegations of stalking on co-worker, false warrants, false arrest, [and] false imprisonment."[6] (Doc. 2 / Complaint, ¶ 5). Plaintiff asserts that he was discriminated against based on his "color" (light white skin) and "age" (then age 56) and that the discriminatory acts began on January 1, 1999 and **continued until August 9, 2011**.[7] (Compl., ¶¶ 2, 6; Exh. 1 - EEOC Charge). Plaintiff asserts that the discriminatory conduct amounted to a "continuing violation."[8] Significantly, in his Complaint, Plaintiff Evans represents that he has never "filed other lawsuits in state or federal court that deal with the same facts that are involved in this action." (Compl., 5).

Plaintiff's Amended Complaint explains that Evans was arrested in August 2010 due to a Felony Stalking charge. (Am. Compl., 3). According to Plaintiff, he remained in custody until the case was ultimately dismissed without going to trial.[9] (Am. Compl., 3). Plaintiff contends he was arrested again in December 2012 due to additional false allegations made by the Elmer's

---

[6] Plaintiff also checked the box on the EEOC Charge indicating that discrimination was also based on Plaintiff's "disability." (Compl., Doc. 2).

[7] Plaintiff makes no other factual allegation concerning unlawful discrimination based upon his age.

[8] "Continuing violation" is a term of art used in the area of employment law. A "continuing violation" serves to exempt a litigant from satisfying certain statutory procedural requirements such as periods of limitation.

[9] The undersigned does not have access to the Plaintiff's state court criminal record. One possible explanation for the extended period of detention could be treatment of the new offense as a violation of supervision / probation based on prior criminal convictions. Plaintiff refers to a prior conviction for "Interstate Communicating Threats" and states that he was released in January 2010. (Am. Compl. 5).

Defendants. (Am. Compl., 3). After the December 2012 arrest, Plaintiff entered a guilty plea to "Harassment 1st degree," presumably a lesser offense. (Am. Compl., 3, 5). Plaintiff was released from custody in November 2013.

Plaintiff asserts that there was no probable cause for the Felony Stalking arrest and assigns blame to Elmer's for passing along false information to law enforcement in an effort to tarnish Plaintiff's reputation. (Am. Compl.). Throughout Plaintiff's filing, Plaintiff contends that the Iredell County Sheriff's Department should have to appear in federal court to justify its arrest and detention of Plaintiff. (Am. Compl., 3−5). Plaintiff demands:

> "Iredell County Sheriff's Department falsely arrested and imprisoned me and violated my civil rights. That is what this lawsuit is based on and it branches out from there. Iredell County Sheriff's Department has some explaining to do in federal court as to why I was arrested and imprisoned for Felony Stalking." (Am. Compl., 3).
> "I belong in federal court to confront Iredell County Sheriff's Department. I would like for them to explain in front of a jury or a judge as to why I went to jail in Iredell County for felony stalking." (Am. Compl., 4).
> "I would like to confront Iredell County Sheriff's Department as to why I went to jail for stalking." (Am. Compl., 4).
> "I want in federal court in front of a jury or a judge and have Iredell County Sheriff's office explain to me and a judge or jury as to why I went to jail on felony stalking." (Am. Compl., 4).
> "The Iredell County Sheriff's Department and Elmer's Products has to explain to me and a federal judge or jury as to why I went to jail for stalking." (Am. Compl., 5)

While Plaintiff Evans adds new factual allegations, his most recent lawsuit is clearly intertwined with the earlier allegations concerning his previous employment with Elmer's and earlier state court proceedings in both civil and criminal contexts. Neither is properly before this federal district court.

Plaintiff seeks a monetary award for property damage and loss that purportedly occurred while Plaintiff was in custody on criminal charges. Plaintiff submits attachments to his Amended Complaint documenting property loss, property damage, and subsequent repairs made to

Plaintiff's residence.[10] (Am. Compl. / Exhs. 1−4). Plaintiff apparently also seeks to recover expenses incurred by Plaintiff as a result of alleged harm to his "name, reputation, and character" and pursuit of continuing education. Id.

## II. Analysis

Because subject matter jurisdiction is a threshold issue, and because Plaintiff Evans challenges state court proceedings, the Court first considers whether the facts alleged by Plaintiff present any basis for the exercise of federal subject matter jurisdiction.[11]

The Court construes Plaintiff's *Pro Se* Complaint liberally. *See Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009)). Although currently framed as an employment discrimination case under Title VII, Plaintiff's Complaint could also be construed as an action pursuant to 42 U.S.C. § 1983.[12]

### A. Title VII

---

[10] Plaintiff states that his house was broken into at least twice during the relevant time period. (Am. Compl., 3−4). More specifically, Plaintiff represents that one of the burglars loosened a water line and caused extensive floor damage, that the second burglary cost Plaintiff a computer, flat screen TV, and other miscellaneous items of personal property, that a central air conditioning unit was stolen, and, finally, that his car was vandalized and the paint job damaged due to a lack of waxing.

[11] Plaintiff Evans wrote the Clerk's Office in January 2014 to inquire about service of the Amended Complaint on the Defendants. (Doc. 25−4). Plaintiff was anxious for the lawsuit to move forward and specifically stated, "If there is a problem with the complaint and it needs to be improved, write me a letter and let me know what I need to do to correct the complaint. . . . I do not want this case dismissed because of some problem with the written complaint. . . ." (Doc. 25−4). The dismissal of Plaintiff's case is not due to any technical deficiency or flaw within the complaint or supporting materials. Rather, it is the subject matter − the nature and content of the claim − that is not properly before this federal district court.

[12] Title 42, United States Code, Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Under Title VII, it is unlawful for an employer to discriminate against any individual on the basis of race.[13] 42 U.S.C. § 2000e–2(a)(1) (2006).

"Title VII gives initial enforcement responsibility to the EEOC. An individual alleging discrimination in violation of Title VII must first file an administrative charge with the EEOC within a certain time of the alleged unlawful act." *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 508 (4th Cir. 2005) (citing 42 U.S.C. § 2000e-5(e)(1)).

Here, to the extent Plaintiff's filings could be construed as alleging a violation of Title VII, the Court finds that Plaintiff has not administratively exhausted his discrimination claim. It is undisputed that Plaintiff was terminated by Elmer's in 2001 and yet waited to file a corresponding Charge of Discrimination with the EEOC until August 9, 2011. (Doc. 2 / Exh. 1). The Dismissal and Notice of Rights sent to Plaintiff by the EEOC advises Plaintiff as follows:

> "Your charge was not timely filed with EEOC; In other words, you waited too long after the date(s) of the alleged discrimination to file your charge."

(Compl. / Exh. 1). The Notice also prescribes the ninety (90) day time period for filing a lawsuit under federal law based on the EEOC Charge in federal or state court. Id. Plaintiff's termination from Elmer's occurred in June 2001 − nearly ten years earlier. Plaintiff's employment-related complaints are stale and are, therefore, not properly exhausted.

### B. 42 U.S.C. § 1983

To the extent Plaintiff's Complaint or Amended Complaint might be construed as alleging violation of his "civil rights" pursuant to § 1983, this Court lacks subject matter jurisdiction. It is well established that under the *Rooker-Feldman* Doctrine, a federal district court "has no authority

---

[13] The framework for legal analysis in cases alleging race discrimination pursuant to Title VII and Section 1981 is the same. *See Gariola v. Va. Dep't of Gen. Servs.*, 753 F.2d 1281, 1285 (4th Cir. 1985) (Section 1981 and Title VII). Plaintiff's Section 1981 claim effectively merges with his Title VII claim.

to review final judgments of a State Court in judicial proceedings."[14]  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Berry v. South Carolina Dept. of Social Servs.*, 121 F.3d 697, 1997 WL 499950 (4th Cir. 1997) (unpublished opinion affirming dismissal of civil action arising out of related state court criminal and juvenile proceedings).  Rather, Plaintiff's remedy in terms of the state court judicial proceedings should be addressed through the direct appeal process established by the state court and then, if warranted, a petition to the United States Supreme Court for certiorari if dissatisfied with the state courts' handling of the claim and if federal jurisdiction exists.  *Feldman*, 460 U.S. at 482; *Berry*, 1997 WL 499950, \*\*2 (citing *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) ("Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983."))

In this case, *Rooker - Feldman* bars Plaintiff's claims against many of the named Defendants.  A review of Plaintiff's Complaint, attachment, and the entire record reveals that Plaintiff asks this Court to review the application of state law or common law tort principles in the underlying state criminal prosecution.[15]  Plaintiff does not allege general constitutional violations such as any challenge to the procedure in the underlying criminal proceedings or substantive due process challenge to the governing statutes.  For these reasons, consistent with its earlier determination, this Court lacks the ability to review Plaintiff's claims.

    **C.**    <u>**Claims Related To Underlying State Criminal Proceedings Seeking Monetary**</u>

---

[14] As Plaintiff's claims relate to the underlying state court criminal proceedings, the General Court of Justice, District Court Division, has "exclusive, original jurisdiction for the trial of criminal actions . . . below the grade of felony . . ."  N.C. Gen. Stat. § 7A-272.

[15] Given the nature and effect of the proceedings as described by Plaintiff, and as judicially noticed by this Court, there is little doubt that the underlying proceedings were judicial in nature rather than administrative.

**Damages**

Plaintiff generally alleges that he should not have been charged, detained, or convicted in connection with any of the alleged stalking activity.[16] (Am. Compl.). To the extent Plaintiff alleges violations of his civil rights in connection with his state conviction for Harassment, such claims do not state a cause of action under § 1983 absent proof that the underlying criminal conviction has been vacated. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck v. Humphrey*, the United States Supreme Court held that in order to recover damages under § 1983 for an unconstitutional conviction, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, plaintiff must establish that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal . . . or called into question by federal court's issuance of writ of habeas corpus. *Heck*, 114 S. Ct. at 2372. Pursuant to *Heck*, Plaintiff's request for monetary relief as a result of any alleged wrong that occurred during his state criminal proceedings is precluded.[17]

### III. Order

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint shall be **DISMISSED** pursuant to FED. R. CIV. P. 12(b)(1) in its entirety and as to all named Defendants.

Signed: September 10, 2014

Richard L. Voorhees
United States District Judge

---

[16] In 2007, there were several stalking offenses mentioned as well as a communicating threats conviction. Plaintiff's filings indicate that Evans has been charged at least once more since 2007 with stalking.

[17] Indeed, this rule of law should be of no surprise to Evans as this was one of the bases for summary dismissal of his earlier two federal lawsuits seeking to recovery monetary damages.